**E. J. Simmons**, OSB 75341
ejs@SimmonsTrialPractice.com
621 SW Morrison, Ste. 1300
Portland OR 97205
(503) 221-2000
Facsimile (971) 223-4733

**Bradley Ganz**
mail@ganzlaw.com
Ganz Law PC
PO Box 2200
163 SE 2nd Avenue
Hillsboro, OR 97124
(503) 844-9009

Attorneys for Plaintiffs
Passages Silver Strand LLC and
Grasshopper House LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **Grasshopper House LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand LLC**, a California limited liability company, | Civil Case No.: 3:09-CV-1202-ST |
| Plaintiffs, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| | Trademark Infringement |
| | (15 US Code §1125) |
| **Gravee, Inc.** a California corporation, doing business as **Gravee.com,** | |
| Defendant. | DEMAND FOR JURY TRIAL |

**Parties and Jurisdiction**

1.

Plaintiffs are California limited liability companies. Defendant Gravee, Inc., is a California corporation, doing business as Gravee.com. This Court has federal-question subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 because this is an action for, among other things, trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. sections 1051 et seq. The Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

**Facts**

2.

Plaintiff Grasshopper House LLC operates a leading alcohol and drug addiction treatment facility, with a national clientele. For many years, plaintiff Grasshopper House LLC has been doing business as Passages and Passages Malibu, and has used Passages and Passages Malibu as its trademarks. Its marks are registered under California State Registration numbers 65498 and 65499. It uses the domain name passagesmalibu.com and maintains a website at http://passagesmalibu.com. Plaintiff Passages Silver Strand LLC is affiliated with plaintiff Grasshopper House LLC, uses the trademark Passages under a license agreement, and has its Passages Silver Strand mark registered under California State Registration numbers 65510.

3.

Defendant uses various domain names, including passages.rehabscenter.org and gravee.com, in advertising alcohol and drug addiction facilities.

**Overview of Google AdWords Program**

4.

Google is a well-known search engine which has emerged as the nationwide leader in search queries by internet users. Yahoo and Microsoft (now using the domain name Bing.com) have the second and third position in search queries. The discussion below describes the Google advertising process. The Yahoo and Microsoft processes are similar.

5.

In addition to retrieving "hits" based on search terms, Google also features "sponsored links" on search results pages. These "sponsored links" are links that are paid for by users through Google's AdWords advertising program. AdWords allows users to create their own advertisements which will be displayed as "sponsored links" on Google's search results web pages and on other websites that are part of Google's advertising network. Both the content of the AdWords advertisement and the search terms, known as "keywords", which trigger the appearance of the advertisement on the Google search results page and other websites are controlled by the AdWords advertiser.

6.

Each advertisement consists of five parts, all of which are created by the AdWords advertiser: (i) a headline of 25 or fewer characters; (ii) a first descriptive lines of 35 or fewer characters; (iii) a second descriptive lines of 35 or fewer characters; (iv) a display URL of 35 or fewer charaters; and (iv) a destination URL, which is linked to both the display URL and to the advertisement's headline. These user-supplied components are then incorporated to generate a text advertisement generally of the following form:

Page 3 – FIRST AMENDED COMPLAINT

EXAMPLE HEADLINE

Example description line I

Example description line 2

www.??.com

7.

After creating an advertisement, the AdWords user sets up a list of keywords (words or phrases) to be associated with the given advertisement or ad group. Google uses the keywords to determine when the advertisement may appear on Google search results pages, and website pages of a Google search partner or member of the Google content network.

8.

"Sponsored" AdWords advertisements appear, among other places, on Google search results pages, either alongside or above the search results, on Gmail webpages, and on the pages of websites that are members of the Google Network.

9.

Whether an advertisement shows up on a page, and where that advertisement is positioned in relation to the other advertisements, is determined in large part by the keywords that the advertiser lists to associate with that advertisement.

10.

Defendant has used and continues to use plaintiffs' trademarks, without authorization, in its internet advertising in an attempt to trade on the goodwill of the plaintiffs' Trademarks and trade name, trick customers into thinking that defendant's goods and services are associated with plaintiffs. Defendant's unauthorized use of the plaintiffs' trademarks and trade name also confuses potential customers searching for plaintiffs on

the internet and misdirects them to Defendant's websites instead of the plaintiffs' websites.

11.

In particular, Defendant willfully and purposefully utilizes plaintiffs' trademarks and trade name in its Google AdWords, Yahoo and Microsoft advertising in such a way as to create a likelihood of confusion among consumers that its goods and services are associated with plaintiffs or otherwise lure them to Defendant's websites.

12.

Defendant has used and continues to use plaintiffs' trademarks in its internet advertising in an effort to confuse the public.

13.

Defendant's websites contain no disclaimers that it is not affiliated or sponsored by plaintiffs. Defendant's use of the plaintiffs' trademarks and trade name in its internet advertising is an attempt to trade on the goodwill of plaintiffs' marks and confuse the consumer.

14.

Upon information and belief, Defendant is willfully and purposely using the plaintiffs' trademarks and trade name as a targeted keyword phrase in its internet advertising.

**First Claim for Relief**

FEDERAL UNFAIR COMPETITION

(15 U.S.C. § 1125(a))

15.

Defendant has used, and continues to use, without authorization, the plaintiffs' trademarks and trade dress, or confusingly similar names, marks and trade dress or variations thereof, in interstate commerce falsely to represent, describe and designate the origin of and other facts related to goods and services in a manner that is likely to cause confusion, to cause initial interest confusion, to cause mistake, and/or to deceive as to the affiliation, connection and association of the plaintiffs' trademarks and trade dress and the origin, endorsement, sponsorship, or approval of those goods in violation of § 43(a) of the Lanham Act, 15 U.S.C. 1125. Defendant's unauthorized use of the plaintiffs' trademarks and trade dress , or confusingly similar names or variations thereof, is also likely to cause consumer confusion or mistake with respect to sponsorship or endorsement of Defendant's websites and the goods and services offered on such websites, and to divert consumers away from plaintiffs' website in violation of the Lanham Act.

16.

As a result of Defendant's wrongful and unfair acts, Defendant has been unjustly enriched and it is inequitable to allow Defendant to retain this benefit under the circumstances.

17.

Plaintiffs have suffered damages as a direct and proximate result of Defendant's use of such false descriptions or representations, including confusion and deception of the

trade and purchasing public, incalculable injury to plaintiffs' goodwill and business reputation, and the expenditure of attorneys' fees, for which plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable injury unless Defendant's acts of infringement are enjoined by this Court.

18.

Defendant's acts of infringement, described above, were willful such as to justify the award of treble damages and attorney fees to Plaintiffs.

## Second Claim for Relief

OREGON UNFAIR COMPETITION

(Oregon Revised Statutes § 646.608)

19.

Defendant's acts of using trademarks and trade dress that is substantially and confusingly similar to plaintiffs' trademarks and trade dress constitutes unlawful, unfair, and fraudulent business practices in violation of Oregon Revised Statutes § 646.608. Defendant's wrongful actions are unlawful because, among other things, they violate the Lanham Act and constitute trademark and trade dress infringement. Defendant's wrongful actions are also unfair and fraudulent, enabling Defendant to sell more products and services than they otherwise would but for their falsely imposed connection with Plaintiffs. Defendant's conduct is likely to and has deceived and confuse the consuming public, including confusing the public as to whether Defendant's websites, products and services originate from or are sponsored or approved by Plaintiffs or otherwise affiliated with, connected to, or associated with Plaintiffs and

diverting consumers away from Plaintiffs' website to Defendant's website and other websites linked to by Defendant's websites.

20.

As a result of Defendant's wrongful acts, as alleged herein, Defendant has been unjustly enriched and it is inequitable to allow Defendant to retain this benefit under the circumstances.

21.

Plaintiffs have suffered irreparable harm as a result of Defendant's conduct, and will continue to suffer irreparable harm that cannot be adequately remedied at law unless Defendant and all persons acting in concert with it are enjoined from engaging in any further acts of unfair competition. The consuming public also has and will continue to suffer injury as a result of being misled and confused by Defendant's unfair practices. This harm to Plaintiffs and the public has resulted in unjust enrichment to Defendant. Upon information and belief, Plaintiffs alleges that Defendant will continue to use unfair business practices if not otherwise enjoined.

**Third Claim for Relief**

CALIFORNIA UNFAIR COMPETITION

(Cal. Bus. & Prof. Code § 17200 et seq.)

22.

Defendant's acts of using trademarks and trade dress that is substantially and confusingly similar to plaintiffs' trademarks and trade dress constitutes unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code § 17200. Defendant's wrongful actions are unlawful because, among

Page 8 – FIRST AMENDED COMPLAINT

other things, they violate the Lanham Act and constitute trademark and trade dress infringement. Defendant's wrongful actions are also unfair and fraudulent, enabling Defendant to sell more products and services than they otherwise would but for their falsely imposed connection with Plaintiffs. Defendant's conduct is likely to and has deceived and confuse the consuming public, including confusing the public as to whether Defendant's websites, products and services originate from or are sponsored or approved by Plaintiffs or otherwise affiliated with, connected to, or associated with Plaintiffs and diverting consumers away from Plaintiffs' website to Defendant's websites.

23.

As a result of Defendant's wrongful acts, as alleged herein, Defendant has been unjustly enriched and it is inequitable to allow Defendant to retain this benefit under the circumstances.

24.

Plaintiffs have suffered irreparable harm as a result of Defendant's conduct, and will continue to suffer irreparable harm that cannot be adequately remedied at law unless Defendant and all persons acting in concert with it are enjoined from engaging in any further acts of unfair competition. The consuming public also has and will continue to suffer injury as a result of being misled and confused by Defendant's unfair practices. This harm to Plaintiffs and the public has resulted in unjust enrichment to Defendant. Upon information and belief, Plaintiffs alleges that Defendant will continue to use unfair business practices if not otherwise enjoined.

## Fourth Claim for Relief

UNJUST ENRICHMENT

25.

Defendant has used and continues to use Plaintiffs' Trademarks and trade dress without authorization in connection with the advertisement, sale and offering for sale of its competitive goods and services.

26.

Defendant's wrongful and unauthorized use of the Plaintiffs Trademarks and trade dress is likely to cause confusion as to the source or sponsorship of Defendant's goods and services and further is likely to cause the consumer confusion when searching for Plaintiffs on the internet and to divert the consumers to Defendant's websites and services rather than those of Plaintiffs.

27.

As a result of their wrongful acts, as alleged herein, Defendant has been unjustly enriched and it is inequitable to allow Defendant to retain this benefit under the circumstances.

## Prayer for Relief

Wherefore Plaintiffs pray to the Court that it grant the following relief:

1.      That this Court permanently enjoin Defendant, and its owners, members, officers, directors, employees, agents, servants, and all persons, firms, corporations,

franchisees and associates in concert or participation with Defendant from doing any of the following:

      a.      conducting or doing business, in any capacity, using plaintiffs' trade dress or trademarks, or any confusingly similar marks, trade dress, designations or variations thereof;

      b.      using the plaintiffs' Trademarks or trade dress, or any confusingly similar marks, trade dress, derivative or form thereof, in connection with the advertisement, sale or offering for sale of goods and services, including the use in any internet advertising programs (including as text, headlines or keywords), promotional materials, and web sites ;

      c.      falsely or inaccurately describing or designating the origin of or other facts related to any goods or services in any manner that is likely to cause confusion, mistake or deception as to the affiliation, connection and association of Defendant with Plaintiffs;

      d.      engaging in any conduct violative of 15 U.S.C. § 1125(a);

      e.      engaging in any conduct violative of Cal. Bus. & Prof Code § 17200

2.      That this Court require Defendant to pay plaintiffs damages in a sum to be proven at trial, but in any event no less than $250,000, and including Defendant's profits and the actual damages suffered by plaintiffs as a result of Defendant's acts;

3.      That Defendant pay treble damages because of the willful acts described in this Complaint, all of which were in disregard of Plaintiffs' rights;

4.      For restitution and disgorgement of all profits and other benefits unjustly obtained by Defendant as a result of its wrongful actions;

5.      That this Court award Plaintiffs their reasonable attorneys' fees; and

6.    That this Court grant such other and further relief as is just.


Signed November 2, 2009.


*s/ E. J. Simmons*
_____
E. J. Simmons, OSB 75341
(503) 221-2000
Bradley Ganz, OSB 94076
(503) 844-9009
Attorneys for Plaintiffs Grasshopper House LLC
and Passages Silver Strand LLC


Plaintiffs demand a jury trial for their claims against defendant.

Signed November 2, 2009.


*s/ E. J. Simmons*
_____
E. J. Simmons, OSB 75341
(503) 221-2000
Bradley Ganz, OSB 94076
(503) 844-9009
Attorneys for Plaintiffs Grasshopper House LLC
and Passages Silver Strand LLC